UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIWAN D. SHAW,

    Plaintiff,      Case No. 2:25-cv-11503
             District Judge Laurie J. Michelson
             Magistrate Judge Anthony P. Patti

v.

DEVIN LINDERMAN and

KRISTI INMAN,

    Defendants.

_____/

## ORDER DENYING PLAINTIFFS MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 24)

### A. Instant Motion

Currently, before the Court is Plaintiff's February 13, 2026 motion for appointment of counsel. In his motion, Plaintiff respectfully requests that counsel be appointed for him in this civil matter because "… MDOC staff [has been] attempting to destroy my legal work as well to even holding legal mail so in cause leading effect certain [sic] deadlines are reached by systematic strategy to impose actual dismissal of my civil action." (ECF No. 24, PageID.78.)

### B.  Recruitment of Counsel

As a preliminary matter, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter.  Proceedings in *forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added).  However, even if circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added).  The appointment of counsel in a civil case, therefore, "is a privilege and not a right." *Childs v. Pellegrin,* 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation citation omitted).

With respect to prisoner civil rights cases, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel in prisoner civil rights cases. [internal citations omitted]  The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004).  In evaluating the matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782

2

(6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Mars. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985).  The Court has considered these factors here and denies the motion.

### C. Analysis

#### 1. Probable merit of Plaintiff's claims

Plaintiff, a state prisoner, brought this lawsuit alleging Defendants neglected his medical concerns regarding the treatment of a surgical incision on his back. (ECF No. 1, PageID.3.)  At this stage in the litigation, it is too early for the Court to judge the merits of Plaintiff's claims.  The Court generally waits to seek *pro bono* counsel until the case survives all dispositive motion practice.  This is due to the limited number of *pro bono* counsel who are willing and available, and the significant number of individuals who would like the help of volunteer attorney services.

The Court has not yet ruled on Defendant's motion for summary judgment (ECF No. 22), under Rule 56 Fed. R. Civ. P. 56, regarding Plaintiff's purported failure to exhaust administrative remedies.  It is premature for the Court to assess the probable merit of the Plaintiff's claims when a summary judgment motion on a preliminary matter remains unresolved.  Therefore, absent exceptional

circumstances, at this stage of litigation it is too early for the Court to seek *pro bono* counsel.

### 2.  Nature of the case and the complexity of the issue

Plaintiff does not state that the issues in this case raise extraordinarily complex factual and legal issues.  Plaintiff simply states, "[m]y reasoning for seeking counsel has to do with MDOC staff attempting to destroy my legal work as well to even holding legal mail[.]" (ECF No. 24, PageID.78.)  The Court recognizes the importance of protecting the legal work of all litigants, especially those who are *pro se* and incarcerated, however an attempt to destroy work and hold mail is not the same as the actualization of such an act.  Nor is it the subject of this litigation, although it possibly may be grounds for an independent administrative grievance.

The Court looks to the factual and legal basis of the case to suggest complexities.  The factual and legal basis of this claim are straightforward.  While the complaint accuses  the two named defendants of "knowingly and willfully neglecting [Plaintiff's] medical concerns" (ECF No. 1, PageID.3), Plaintiff has not identified any element of the case that would qualify as an exceptional circumstance.  In fact, and perhaps unfortunately, such claims are common among

the prison population.  Thus, the Court cannot find that the nature and complexity of this case favor the recruitment of counsel at this time.

### 3.  Indigency and ability of Plaintiff to represent himself

Plaintiff claims "…I have lacked the resources to properly acquire counsel[.]" (ECF No. 24, PageID.79)  The Court will assume from this, from the fact that it previously granted him *in forma pauperis* status (ECF No. 10), combined with the fact that Plaintiff is incarcerated, that he is indigent.  However, "indigence alone … is not an exceptional circumstance." *Buchanan v. Lee*, 618 F. Supp. 3d 707 at 712 (M.D. Tenn. 2022).  Indeed, and again unfortunately, it is the rare incarcerated litigant who is *not* indigent.

### a.  External Remedies

Plaintiff identifies certain barriers that he has experienced, including attempts by MDOC staff to destroy his legal mail and work, deny his access to the law library, and failure to provide him with photocopies. (ECF No. 24, PageID.78.) These types of issues are unfortunately common obstacles prisoners may encounter while incarcerated and do not constitute exceptional circumstances which justify appointment of counsel.  This is not to say that these obstacles should be tolerated and, indeed, Plaintiff may have remedies available to him if he encounters unlawful interference with his rights or unduly onerous restrictions on his ability to

litigate.  As noted above, he may file the appropriate grievance with the prison.  He may also seek limited assistance from opposing counsel (who is an "officer of the court" by virtue of his license), if necessary, to overcome minor bureaucratic difficulties.  Plaintiff's remedies are not limited to the confines of this suit, and the Court encourages him to pursue other avenues of recourse, as they are available to him.

### b.  Limited Access to a Law Library and Photocopies

Plaintiff claims that MDOC staff are preventing his access to the law library. (ECF No. 24, PageID.78).  Within the Sixth Circuit, courts are required to provide prisoners and pre-trial detainees with "meaningful access to the court," which may include access to adequate law libraries.  *United States v. Smith*, 907 F.2d 42, 44 (6th Cir. 1990).  Limited access to a law library, however, applies to many incarcerated *pro se* litigants and does not constitute an exceptional circumstance. *Faultry v. Saechao*, No. 18-CV-1850-KJM-AC-P, 2020 U.S. Dist. LEXIS 89044, 2020 WL 2561596, at *2 (E.D. Cal. May 2020) ("[c]ircumstances common to most prisoners, such as . . . limited law library access, do not establish exceptional circumstances supporting appointment of counsel"); *see also Garrett v. Searfoss*, No. 3:18-cv-12844, 2018 U.S. Dist. LEXIS 209921, *2-4 (E.D. Mich. Dec. 13, 2018) (denying motion for appointment of counsel by Plaintiff who claimed limited access to a law library).  Moreover, "adequate law libraries are *one*

6

*constitutionally acceptable method* to assure meaningful access to the courts…." *Bounds v. Smith*, 430 U.S. 817, 830 (1977) (emphasis added); *see also Lewis v. Casey*, 518 U.S. 343, 351 (1996) ("Bounds did not create an abstract, freestanding right to a law library….")

Plaintiff also states "…law library staff [denied] me proper access to the courts by not allowing me proper copies to furnish my legal pursuits." (ECF No. 24, PageID.78).  Though the Court may question how Plaintiff's claimed lack of access aligns with his reported interactions with library staff, Plaintiff is responsible for his own photocopying costs. *Kenny v. Washington*, No. 18-1109, 2018 U.S. App. LEXIS 22955, at *7 (6th Cir. Aug. 16, 2018) ("…[T]here is no fundamental right to photocopies.") (citing *Tinch v. Huggins*, No. 99-3436, 2000 U.S. App. LEXIS 1913, 2000 WL 178418, at *1 (6th Cir. Feb. 8, 2000) ("The law is well settled that inmates do not enjoy a federally protected right in free photocopying services.") (citations omitted).

### c.  Extension of Time

Plaintiff pleaded that he had been detained at St. Louis Correctional Facility in level four custody during the month of January. (ECF No. 24, PageID.78) However, Plaintiff is no longer in level four custody.  Importantly, after Plaintiff filed this motion, the Court ordered a six-week extension in response to

Defendant's motion for summary judgment. (ECF No. 25).  This extension allows Plaintiff to prepare and file his response within the newly established deadline, reducing the impact his previous custody may have had on his ability to litigate.

### d.  Plaintiff's own attempts to recruit counsel

Plaintiff asserts he has written to approximately ten attorneys in his pursuit of counsel, and has been unsuccessful in finding representation. (ECF No. 24, PageID.79)  Given the limited number of lawyers who are willing to take on these assignments when the case is already in trial mode, the Court knows from experience that obtaining qualified counsel for incarcerated litigants is even more unlikely during pretrial proceedings, when costs and the expenditure of time without remuneration can become onerous to licensed attorneys.  These circumstances do not persuade the Court to request appointment of counsel for Plaintiff, and he himself has confirmed the difficulty of finding willing and available attorneys at this stage of the proceedings. (*Id.*)

Therefore, Plaintiff does not present an exceptional circumstance which would presently warrant this Court's intervention.  If this case survives summary judgment and is proceeding to trial, the Court can revisit whether to recruit counsel and generally does so at that juncture.

### D. Order

The Court enjoys a great deal of discretion regarding the recruitment of counsel. The Court sincerely wishes that it were possible to do so here and at this time, as the presence of counsel very often renders litigation more efficient, and undoubtedly renders aid to litigants who lack legal training. Plaintiff has not convinced the Court that there are any exceptional circumstances that would potentially justify recruiting *pro bono* counsel any sooner than trial in this case. Accordingly, Plaintiff's motion for appointment of counsel (ECF No. 24) is **DENIED WITHOUT PREJUDICE.** Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives all dispositive motion practice, proceeds to trial, or other exceptional circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**[1]

Dated: March 13, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

9