UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIWAN D. SHAW (#928946),

       Plaintiff,

v.

DEVIN LINDERMAN, R.N. and
KRISTI INMAN, L.P.N.,

       Defendants.

_____/

Case No. 2:25-cv-11503

District Judge Laurie J. Michelson
Magistrate Judge Anthony P. Patti

## ORDER REQUIRING MDOC DEFENDANTS TO FILE CERTAIN GRIEVANCE-RELATED MATERIALS

Tiwan D. Shaw filed this lawsuit *in pro per* against two Michigan

Department of Corrections (MDOC) employees, each of whom is or was a nurse at

the MDOC's Charles E. Egeler Reception and Guidance Center (RGC).  This

matter concerns treatment Plaintiff received for his back from October 5, 2023 to

June 21, 2024.  (*See* ECF No. 1, PageID.1-3.)

Judge Michelson has referred this case to me for pretrial matters.  (ECF No.

19.)  Currently pending before the Court is the MDOC Defendants' January 28,

2026 exhaustion-based motion for summary judgment.  (ECF No. 22.)  *Inter alia*,

the MDOC Defendants contend that Plaintiff has "not pursued any Step III

grievances before filing the complaint."  (ECF No. 22, PageID.53; *see also id*.,

PageID.61).  However, the MDOC Defendants also contend Plaintiff "did not file

1

*any grievances* and pursue them through Step III . . . ." (*Id.*, PageID.62 (emphasis added).)

Thus, the Court wonders whether Plaintiff filed *any grievances* at RGC related to his back treatment from October 5, 2023 to June 21, 2024. Indeed, Plaintiff's March 23, 2026 "decl[a]ration statement" suggests he has, because he states, *inter alia*, that "he did as a fact file a Step 3" and "he did as a fact utilize the MDOC Prison Mail Box & Kite System to do [an] [extensive] follow up to why his Step 3 grievance was not responded to . . . ." (ECF No. 27, PageID.91.)

The Court recognizes that Plaintiff's March 23, 2026 filing, which does not comply with the language required by 28 U.S.C. § 1746 ("Unsworn declarations under penalty of perjury"), is not evidence. However, neither is the *suggestion* within Defendants' motion that Plaintiff "did not file *any grievances* . . . ." (ECF No. 22, PageID.62.) It appears there is a simple way to answer this question, because Defendants represent in their motion that "each MDOC facility maintains a database that tracks all the Step I grievances and Step II appeals received at that facility." (ECF No. 22, PageID.59 (citing ECF No. 22-2, PageID.70-72).)

Upon consideration, no later than **Wednesday, May 6, 2026**, the MDOC Defendants **SHALL** file copies of:

- Plaintiff's RGC MDOC Prisoner Step I Grievance Report;

- Plaintiff's RGC MDOC Prisoner Step II Grievance Report; and,

- Any grievances relevant – in time (October 5, 2023 to June 21, 2024 (*see* ECF No. 1, PageID.2)), location (RGC), *and* subject matter (*i.e.*, treatment related to his back) – to Plaintiff's claims against MDOC RGC Defendants Linderman and Inman.[1]

After this information is filed, the Undersigned will issue a report and recommendation on Defendants' pending, exhaustion-based motion for summary judgment (ECF No. 22).

**IT IS SO ORDERED.**

Dated:  April 23, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is currently serving sentences imposed on September 18, 2023 in Case No. 20-002077-01-FC (Wayne County).  *See* www.michigan.gov/corrections, "Offender Search."  Therefore, it appears Plaintiff has been in MDOC custody since September 2023.  Nonetheless, the Court only endeavors to acquire grievance information related to the instant matter.