UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIWAN DEMETRIUS SHAW,

     Plaintiff,

v.

DEVIN LINDERMAN and KRISTI
INMAN,

     Defendants.

Case No. 25-11503
Honorable Laurie J. Michelson
Magistrate Judge Anthony P. Patti

**ORDER ADOPTING REPORT AND RECOMMENDATION [30] AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [22]**

Tiwan Demetrius Shaw filed this *pro se* civil rights lawsuit against prison medical providers for allegedly failing to treat his back. (ECF No. 1, PageID.3.) He says this occurred from October 5, 2023 through June 21, 2024, and resulted in months of back pain and severe infections. (*Id.*) Shaw sues the medical providers under 42 U.S.C. § 1983 seeking compensatory damages and the surgical repair of his spine. (*Id.* at PageID.4.) Defendants move for summary judgment, arguing that Shaw's lawsuit cannot proceed until he exhausts his administrative remedies under 42 U.S.C. § 1997(e)(a). (ECF No. 22.) All pretrial matters were referred to Magistrate Judge Anthony P. Patti. (ECF No. 19.)

After reviewing the prison's grievance records, Judge Patti found that Shaw did not appeal his grievance through Step III. (ECF No. 30, PageID.116.) So on May 15, 2026, Judge Patti entered a Report and Recommendation that the Court grant Defendants' motion for summary judgment. (*Id.* at PageID.118.)

With no objections filed, the Court now ADOPTS the Report and Recommendation (ECF No. 30) and GRANTS Defendants' motion for summary judgment (ECF No. 22).

**I.**

At the conclusion of his Report and Recommendation, Judge Patti notified the parties that they were required to file any objections within 14 days of service, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 30, PageID.119.)

Since Shaw was served via mail, three days are added to the objection period under Federal Rule of Civil Procedure 6(d). And the prison mailbox rule applies so any objections from Shaw would be considered filed the day he delivered them to prison authorities for mailing. In all, waiting the 17-day objection period, and allowing some time for the Court to receive objections that Shaw may have mailed, it has now been over a month since the Report and Recommendation was served. No objections have been filed.

Accordingly, the Court finds Shaw's failure to object is a procedural default that waives review of Judge Patti's findings by this Court. The Sixth Circuit has established that "so long as a magistrate judge puts the parties on notice that failure to object to an issue addressed in a report and recommendation waives the issue, 'a party shall file objections with the district court or else waive [the] right to appeal.'" *United States v. Scales*, No. 24-5905, 2025 WL 2042202, at *4 n.3 (6th Cir. July 21,

2

2025) (alteration in original) (quoting *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)); *see Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[T]he failure to object may constitute a procedural default waiving review even at the district court level."); *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made."). The Supreme Court has further held that this procedural default rule does not violate either the Federal Magistrates Act or the Federal Constitution. *Thomas*, 474 U.S. at 155.

## II.

The Court therefore finds that the Shaw has waived further review of Judge Patti's Report and Recommendation and accepts the recommended disposition. (ECF No. 30.) Thus, Defendants' motion for summary judgment (ECF No. 22) is GRANTED.

SO ORDERED.

Dated: June 23, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

3